**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MOHAMMED T. ANWO** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **C.A. No. 06-269 Erie** |
| | ) | **District Judge McLaughlin** |
| **MARVIN D. MORRISON, et al.,** | ) | **Magistrate Judge Baxter** |
| **Defendants.** | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

## I.     RECOMMENDATION

It is respectfully recommended that Defendants' motion to dismiss or in the alternative for summary judgment [Document # 15] be granted in part and denied in part.  More specifically, the motion:

> a.      should be denied as to the exhaustion argument on the *Bivens* claims;
>
> b.      should be granted as to the access to courts claim; and
>
> c.      should be denied as to the FTCA claim.

It is further recommended that Defendants Morrison, Lee and Stanley be dismissed from this action pursuant to Plaintiff's request.  The only named Defendants remaining in this action are: John Doe, Jane Doe, an unnamed S.I.S. Lt., and the United States of America.  Additionally, the Fifth Amendment due process claim remains pending.

## II.     REPORT

### A.     Relevant Procedural History

On November 17, 2006, Plaintiff, a federal inmate currently  incarcerated at the Federal Correctional Institution at McKean ("FCI-McKean"), filed a *pro se* action, raising civil rights

claims pursuant to <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971), as well as negligence claims under the Federal Tort Claims Act. Originally named as Defendants were: Marvin D. Morrison, Warden of MCC - New York; Property Officer Lee of MCC - New York; an unnamed S.I.S. Lt., Special Agent Shawn E. Stanley of the Office of the Inspector General; John Doe; Jane Doe; and the United States of America.

In his original complaint, Plaintiff alleges that Defendants lost his personal property and legal materials when he was transferred between facilities and that the loss of these legal materials resulted in the denial of his access to courts. As a result, Plaintiff claims that he has been deprived of his First Amendment access to courts rights and his Fifth Amendment due process rights. Plaintiff also avers that the United States should be liable to him for its negligence under the FTCA.

Defendants have filed a motion to dismiss, or in the alternative, for summary judgment. Document # 15. Plaintiff has filed an Opposition brief. Document # 21. In his Opposition to the pending motion to dismiss, Plaintiff acknowledges that he has failed to state a claim against Defendants Morrison, Lee and Stanley[1] and consents to the dismissal of these Defendants. At a telephonic status conference held October 26, 2007, this Court confirmed with Plaintiff that he wishes to voluntarily dismiss these Defendants from this action. During that same conference, counsel for the remaining Defendants was directed to provide Plaintiff with the identities of John and Jane Does within thirty days. See generally, Document # 22.

The issues have been fully briefed and are ripe for disposition by this Court.

---

[1] When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. <u>Chinchello v. Fenton</u>, 805 F.2d 126, 133 (3d Cir. 1986). The supervisor must be personally involved in the alleged misconduct. <u>Rode v. Dellarciprete</u>, 845 F.2d 1958, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." <u>Evancho v. Fisher</u>, 423 F.3d 347, 353 (3d Cir. 2005) <u>quoting</u> <u>Rode</u>, 845 F.2d at 1207).

**B. Standards of Review**

**1. *Pro se* pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

**2. Motion to dismiss pursuant to Rule 12(b)(1)**

When a motion to dismiss is made under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction which attacks the complaint as deficient on its face, the Court must take all allegations in the complaint as true. Mortensen v. First Federal Sav. and Loan Ass'n, 549 F.2d 884, 891(3d Cir. 1977). However, when the motion attacks the existence of subject matter jurisdiction in fact, no presumptive truthfulness attaches to plaintiff's allegations and the Court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in

fact. Id. at 891.  See also Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3rd Cir. 2000);  Poling v. K. Hovnanian Enterprises, 99 F.Supp.2d 502, 515 (D.N.J. 2000).

### 3.      Motion to dismiss pursuant to Rule 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).   The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974).   As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face."  Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)).  The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff.  Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985).  The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint.  See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the court accept legal conclusions set forth as factual allegations.  Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S.  265, 286 (1986).  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965.  Although the United

States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

### 4. Motion for summary judgment pursuant to Rule 56

Plaintiff and Defendants have attached several exhibits to their respective pleadings. Therefore, this Court will convert the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir.1998). ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment."); Greer v. Smith, 2003 WL 1090708, *1 (3d Cir. (Pa.) March 10, 2003) ("the District Court considered material outside of the pleadings and, therefore, should have converted the motion for dismissal to a summary judgment motion, allowing the plaintiff an opportunity for appropriate discovery and a reasonable opportunity to present all material made pertinent to the motion.").

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the

initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Company v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Company of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

**C.** **The *Bivens* Claims**

    **1.** **The Prison Litigation Reform Act**

      **a)** **The Exhaustion Requirement**

_____The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until *such administrative remedies as are available* are exhausted.

Id. (italics added).

    The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes.  Porter v. Nussle, 534 U.S. 516 (2002).  See also Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement).  Administrative exhaustion must be completed prior to the filing of an action.  McCarthy v. Madigan, 503 U.S. 140, 144 (1992).  Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[2]  The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow.  Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion").  There is no "futility" exception to the administrative exhaustion requirement.  Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) citing Nyhuis, 204 F.3d at 78.

    A plaintiff need not affirmatively plead exhaustion.  Jones v. Bock, ___ U.S. ___, ___, 127 S.Ct. 910, 921 (Jan. 22, 2007) ("...failure to exhaust is an affirmative defense under the

_____

[2] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction.  Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that § 1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) (holding that "no provision of the PLRA requires pleading exhaustion with particularity," while construing the PLRA requirements in light of the Supreme Court decision in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)). Instead, it is the burden of a defendant asserting the defense to plead and prove it. Id.

The PLRA also requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, ___ U.S. ___, ___ 126 S.Ct. 2378, 2384-88 (June 22, 2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id. at 2382. See also Spruill v. Gillis, 372 F.3d 218, 228-229 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) (" Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

A plaintiff need not affirmatively plead exhaustion. Jones v. Bock, ___ U.S. ___, ___, 127 S.Ct. 910, 921 (Jan. 22, 2007) ("...failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) (holding that "no provision of the PLRA requires pleading exhaustion with particularity," while construing the PLRA requirements in light of the Supreme Court decision in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)). Instead, it is the burden of a defendant asserting the defense to plead and prove it. Id.

### b)     The Administrative Process Available to Federal Inmates

So then, no analysis of exhaustion may be made absent an understanding of the administrative process available to federal inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'  The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  Jones v. Bock, ___ U.S. at ___, 127 S.Ct. at 922-23.

The Bureau of Prisons has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19 (1997). First, "an inmate shall ... present an  issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a).   Second, if an inmate at an institution is unable to informally resolve his complaint, he may file "a formal written Administrative Remedy Request [to the Warden], on the appropriate form (BP-9), [within] 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a).   The warden has twenty (20) days in which to respond. 28 C.F.R. § 542.18. An inmate who is not satisfied with the warden's response may submit an appeal, on the appropriate form (BP-10), to the appropriate Regional Director within twenty (20) calendar days from the date the warden signed the response.  28 C.F.R. § 542.15(a). An inmate who is not satisfied with the Regional Director's response may submit an appeal, on the appropriate form (BP-11), to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response. Id. The Regional Director has thirty (30) days and the General Counsel has forty (40) days to respond. 28 C.F.R. § 542.18.

### c)     Analysis

In response to Defendants' motion to dismiss citing Plaintiff's failure to exhaust, Plaintiff contends that administrative remedies were not available to him because he was

transferred from place to place in a relatively short period of time. Plaintiff explains that prison staff informed him (once he reached FCI- McKean) that it was too late for him to file a grievance against staff at FCI-Otisville and "besides, lost property is done on a tort claim." Document # 21, page 4.

At this stage of the proceedings, Plaintiff's representations in this regard are enough to defeat the pending motion to dismiss as it is not clear that Plaintiff had administrative remedies available to him in order to exhaust his claims.

Accordingly, the motion to dismiss should be denied.


**2.     Loss of Personal Property**

Plaintiff alleges that his Fifth Amendment due process rights have been violated due to the loss of his personal property. Document # 5, pages 9-10, Count Four. Defendants have not moved to dismiss this claim and so, it remains pending.


**3.     Constitutional Right of Access to Courts**

Defendants argue that Plaintiff's claim of denial of access to the courts does not rise to the level of a constitutional violation because Plaintiff has not alleged any actual injury under the Lewis v. Casey [518 U.S. 343 (1996)] standard.

Prisoners have a constitutional right to "adequate, effective and meaningful" access to the courts. Bounds v. Smith, 430 U.S. 817 (1977).[3]  In order to state a claim for a denial of the right of access to the courts, a plaintiff must also show actual injury. Lewis v. Casey, 518 U.S. 343. The plaintiff must demonstrate that as a result of the defendant's actions, he lost the ability to present an "arguably actionable claim" against the validity of his sentence under direct or

---

[3]  The Supreme Court has found that access to courts may arise in the context of the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection Clause. See Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002).

collateral appeal or a claim challenging his conditions of confinement in a civil rights action.  Id. at 355.  The "impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  Id.  A plaintiff must allege both an underlying cause of action, whether anticipated or lost, and official acts frustrating the litigation.  Christopher v. Harbury, 536 U.S. 403 (2002).  See also Oliver v. Fauver, 118 F.3d 175 (3d Cir. 1997) (holding that inmate could not meet the actual injury standard of Lewis v. Casey as a result of the  alleged interference with legal mail); Lewis v. Cook County Bd. Of Commissioners, 2001 WL 435694 (7th Cir. 2001) ("To state a claim for the denial of access to the courts, a plaintiff must plead an injury in addition to the simple denial of access to the courts."). Mere conclusory allegations that an inmate suffered prejudice are insufficient to sustain an access to courts claim.  Acre v. Walker, 58 F.Supp.2d 39 (W.D. N.Y 1999).

        Plaintiff is required to demonstrate to this Court that he suffered an actual injury to an arguably actionable claim due to the confiscation of his legal materials for an extended period of time.  During the telephonic hearing, Plaintiff explained that because he was without a copy of his pre-sentence investigation report, as well as transcripts from his trial and sentencing, he was unable to file a brief in support of his § 2255 petition challenging his conviction.

        Because we must assess whether Plaintiff was denied the ability to present an arguably actionable claim, this Court must examine the procedural history of Plaintiff's underlying case. Such information was not before this Court at the time of the filing of the pending dispositive motion.  However, following the telephonic hearing and after further filings by both parties, the relevant information has been provided.  See Documents ## 26, 27 and 28.


### Procedural History of the Underlying Case

        On March 22, 2005, Plaintiff filed a petition for relief pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of New Jersey.  See Document # 27-2.  In that petition, Plaintiff raised only one basis for relief: the ineffective assistance of counsel.

On April 6, 2005, the court issued a Notice and Order advising Plaintiff that he had 45 days in which to file a signed written response.[4] Document # 27-3. This Notice was returned to the court as undeliverable and on May 9, 2005, the court issued an Order indicating that it would consider the petition as originally filed. Document # 27-4. However, on June 1, 2005, Plaintiff notified the court of his change of address, and on July 15, 2005, the court resent the April 6th "Miller" Notice and Order to Plaintiff's new address at FCI-McKean allowing Plaintiff an additional 45 days to respond. Document # 27-6.

On August 25, 2005, Plaintiff filed a letter indicating the following:

> Reason: Withdrawing my pending 2255 application and filing an all inclusive 2255
>
> I am filing this in accordance to the notice and order I received July 15, 2005.
>
> Therefore, I wish to withdraw my pending 2255 application and file an all inclusive 2255. Please be advised that I am not at liberty to file in accordance to the courts preference being that I am housed in a county jail, and don't have my legal material tangible. I thank the courts for any assistance it may render.

Document # 27-7. Attached to the letter was the new "all inclusive" § 2255 petition raising two bases for relief: the ineffective assistance of counsel as raised in the first filing, and a second argument involving the application of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). Id.

By Order dated September 5, 2005, the court directed Respondent to file an Answer to Plaintiff's new all-inclusive petition. Document # 27- 5. On September 27, 2005, the government filed an answer addressing both claims for relief raised within the new all-inclusive § 2255 petition. Document # 27-8.

On March 7, 2005, U.S. District Judge Dickinson R. Debevoise issued an Opinion

---

[4] The Notice, pursuant to the requirements of U.S. v. Miller, 197 F.3d 644 (3d Cir. 1999), explained that under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), a petitioner has only one opportunity to file a petition and should include all bases for relief. The Notice indicated that Petitioner must either proceed with the pending § 2255 petition or withdraw that petition and file a new "all-inclusive" petition within 45 days. Document # 27-3.

denying Plaintiff's § 2255 petition. The court analyzed both Plaintiff's ineffective assistance and Booker arguments and found that Plaintiff did not demonstrate sufficient grounds for relief. Document # 27-9.

Over two years later, on April 16, 2007[5], Plaintiff filed a "Motion for Opinion and Order denying Petitioner Anwo's 2255 motion to be served on Petitioner at his Current Address." Document # 29-10. Plaintiff explained that he did not receive a copy of the court's opinion denying his § 2255 petition. Plaintiff also requested additional time in which to file an appeal to the United States Court of Appeals for the Third Circuit:

> Petitioner has been patiently awaiting the Court's decision on his pending motion. And he did not file a Reply, as he had deemed that he had adequately argued his claims in his original motion. (And the filing of a Reply is discretionary on the moving party, as such he was not required to do so.)

Document # 27-10.

On April 30, 2007, the court granted Plaintiff's motion and ordered the Clerk of Courts to serve Plaintiff with a copy of the March 7, 2006 Opinion and Order. Document # 27- 11. The court also indicated that it did not have the authority to extend Petitioner's time to appeal. On May 11, 2007, Plaintiff filed a Notice of Appeal to the Third Circuit. Document # 27- 12. On September 20, 2007, the Third Circuit denied Plaintiff's Certificate of Appealability. Document # 27- 13.

The review of the underlying case indicates that Plaintiff did not miss any filing deadlines due to the confiscation or loss of his legal materials. Plaintiff was granted the opportunity to amend his petition to add a further claim for relief and he did so. Plaintiff even acknowledges on the record that he did not file a reply brief in opposition to the government's response because he "deemed that he had adequately argued his claims in the original motion." Document # 27-10. The Court's opinion and order make it clear that the court considered Plaintiff's "all-inclusive" § 2255 petition, the record of the proceedings in his criminal case, and the Answer of the

---

[5] Five months prior, on November 17, 2006, Plaintiff filed the instant *pro se* action raising *Bivens* claims and negligence claims under the Federal Tort Claims Act.

government in deciding the motion.

Accordingly, Plaintiff has failed to demonstrate that he suffered any actual injury under Lewis v. Casey and summary judgment should be granted in favor of Defendants in this regard.

### D.    The FTCA Claim

#### 1)    Proper Party

Generally, under the principle of sovereign immunity, the United States cannot be sued for damages unless it consents to being sued.  United States v. Mitchell, 445 U.S. 535, 538 (1980).  The terms of the government's consent define the court's jurisdiction over the case.[6] Lehman v. Nakshian, 453 U.S. 156, 160 (1981). The Federal Tort Claims Act grants jurisdiction to the federal courts to hear suits against the United States Government for torts[7] committed by its employees while in the scope of their employment.  See 28 U.S.C. § 2675(a). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied." Lane v. Pena, 518 U.S. 187, 192 (1996).  The FTCA sets forth the government's consent to be sued for the negligent conduct of its employees "in the same manner

---

[6] The consent contained in the FTCA is limited and Congress has expressly provided for exceptions to the FTCA's waiver of sovereign immunity. 28 U.S.C. § 2680(a)-(n); United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 808 (1984). These exceptions are to be construed in favor of the sovereign. United States v. Nordic Village, Inc., 503 U.S. 30, 32-36 (1992).  The burden of establishing subject  matter jurisdiction lies with the plaintiff.  Robinson v. U.S., 849 F.Supp. 799, 801 (S.D.Ga.1994).

[7] The FTCA does not create a substantive cause of action against the United States, but provides a mechanism by which a plaintiff may bring a state law tort action against the federal government in federal court. Hence, in a FTCA action, the district court applies the law of the state in which the act occurred. See 28 U.S.C. § 1346(b); Castillo v. U.S., 2002 WL 1752235, at *3 (7th Cir.2002).  In order to establish a cause of action in negligence under Pennsylvania law, plaintiff bears the burden of demonstrating that there was (1) a duty or obligation recognized by law, (2) breach of that duty by the defendants, (3) a causal connection between the defendants' breach of that duty and the resulting injury, and (4) actual loss or damage suffered by the complainant. Corrigan v. Methodist Hosp., 2002 WL 31492261, at *7 (E.D.Pa. 2002).

and to the same extent as a private individual under like circumstances." <u>Howell v. United States</u>, 932 F.2d 915, 917 (11th Cir.1991) (citations omitted).

All actions brought pursuant to the FTCA must be brought against the United States of America and not in the name of the allegedly negligent agency, entity or employee. 28 U.S.C. §§ 2671-2680; 28 U.S.C. § 1346(b).   The only proper party in an FTCA action is the United States of America.


### 2.        The "Detention of Goods" Exception to the FTCA

While the FTCA generally grants jurisdiction to the tort plaintiff, there are some notable exceptions to the Act that put certain actions by government employees beyond the jurisdiction of the federal courts.  One such exception that the government raises here is the so-called "detention of goods" exception.  Defendants argue that Plaintiff's property loss claims are not cognizable under the FTCA because they fall within this exception to the Act's waiver of sovereign immunity.

This exception is set forth at 28 U.S.C. § 2680(c) and provides that the government's waiver of immunity under the FTCA "shall not apply to ... *[a]ny claim arising in respect of* the assessment or collection of any tax or customs duty, or *the detention of any goods, merchandise, or other property by* any officer of customs or excise or *any other law enforcement officer*...." (emphasis added).

It appears that the confiscation of Plaintiff's personal property upon investigation was a "detention of goods" within the meaning of 28 U.S.C. § 2680(c).  <u>See</u>  <u>Kosak v. U.S.</u>, 465 U.S. 848, 854 (1984)(broadly interpreting the meaning of "arising in respect of ... the detention of goods" to apply to storage and negligent handling of property); <u>Gibson v. Sadowski</u>, 2006 WL 3308442 (W.D.Pa. October 17, 2006)(confiscation, bagging and inventorying of inmate's personal property upon placement in SHU was a "detention of goods" within the meaning of 28 U.S.C. § 2680(c)); <u>Smith v. U.S.</u>, 2006 WL 231663 at *2 (D.N.J. Jan. 30, 2006)(removal and

storage of inmate's personal property after inmate was placed in SHU was a "detention of goods" under 28 U.S.C. § 2680(c)).  Yet, other requirements for application of the exemption are not established at this stage in the case.

It is unclear from the Complaint whether a Bureau of Prisons corrections officer, an agent of the Federal Bureau of Investigation, or someone else entirely, seized Plaintiff's goods from his cell when he was being investigated.  This factual issue is important as there is an unresolved legal question as to who is considered  "any other law enforcement officer" in the exemption as a matter of law. Although neither the United States Supreme Court nor the Third Circuit Court of Appeals has determined this issue as of today's date, **this** Court has previously determined that the phrase "other law enforcement officer," as used in § 2680(c), does, in fact, apply to Bureau of Prisons officers.  See Gibson Sadowski, 2006 WL 3308442 at * 1; Jackson v. United States, Civil Action 06-154E (W.D. Pa. July 24, 2007); Bender v. United States, Civil Action 02-290E (W.D.Pa. Sept. 24, 2004).[8]  Importantly, however, this precise issue has been argued before the United States Supreme Court this term in Ali v. Federal Bureau of Prisons, ___ U.S. ___, 127 S.Ct. 2875 (2007), such that a controlling construction of the language may be expected in early 2008.

In any event, this Court cannot rule that Plaintiff's claim is not cognizable under any set of facts at this stage because it has yet to be determined who in fact seized the property, and

---

[8] These decisions are consistent with the majority of circuit courts that have addressed this issue and determined that the phrase "any other law enforcement officer" as used in § 2680(c) should be read expansively to apply to any federal law enforcement officer carrying out a law enforcement function even if unrelated to customs or excise functions.  See e.g. Bramwell v. U.S. Bureau of Prisons, 348 F.3d 804 (9th Cir. 2003)(applying § 2680(c) to include Bureau of Prisons officers); Chapa v. U.S. Department of Justice, 339 F.3d 388, 390 (5th Cir. 2003) (same); Hatten v. White, 275 F.3d 1208, 1210 (10th Cir. 2002) (same); Cheney v. U.S., 972 F.2d 247, 248 (8th Cir. 1992)(applying § 2680(c) to include drug task force agents); Schlaebitz v. U.S. Dept. Of Justice, 924 F.2d 193, 195 (11th Cir. 1991)(applying § 2680(c) to include U.S. Marshals).  But see A.B.C. v. D.E.F., 500 F.3d 103 (2d Cir. Sept. 5, 2007) (holding that the phrase applies only to law enforcement officers whose function or authority are related to customs or excise functions and not including prison officials).

whether that person is considered "any other law enforcement officer" under the language of the exemption.

Accordingly, the motion to dismiss should be denied.


III.    **CONCLUSION**_____

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss or in the alternative for summary judgment [Document # 15] be granted in part and denied in part. More specifically, the motion:

a.    should be denied as to the exhaustion argument on the *Bivens* claims;

b.    should be granted as to the access to courts claim; and

c.    should be denied as to the FTCA claim.

It is further recommended that Defendants Morrison, Lee and Stanley be dismissed from this action pursuant to Plaintiff's request. The only named Defendants remaining in this action are: John Doe, Jane Doe, an unnamed S.I.S. Lt., and the United States of America. Additionally, the Fifth Amendment due process claim remains pending.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, ___ F.3d ___, 2007 WL 1321929 (3d Cir. May 08, 2007).

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated:  November 30, 2007