IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MOHAMMED T. ANWO )
        Plaintiff, )
)
v. ) C.A. No. 06-269 Erie
) District Judge McLaughlin
MARVIN D. MORRISON, et al., ) Magistrate Judge Baxter
        Defendants. )

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that Defendants' motion to dismiss or in the alternative for summary judgment [Document # 31] be granted. The Clerk of Courts should be directed to close this case.

## II. REPORT

### A. Relevant Procedural History

On November 17, 2006, Plaintiff, a federal inmate currently incarcerated at the Federal Correctional Institution at McKean ("FCI-McKean"), filed a *pro se* action, raising civil rights claims pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), as well as negligence claims under the Federal Tort Claims Act. Originally named as Defendants were: Marvin D. Morrison, Warden of MCC - New York; Property Officer Lee of MCC - New York; an unnamed S.I..S. Lt., Special Agent Shawn E. Stanley of the Office of the Inspector General; John Doe; Jane Doe; and the United States of America.

In his original complaint, Plaintiff alleges that Defendants lost his personal property and legal materials when he was transferred between facilities and that the loss of these legal

1

materials resulted in the denial of his access to courts.  As a result, Plaintiff claims that he has been deprived of his First Amendment access to courts rights and his Fifth Amendment due process rights.  Plaintiff also avers that the United States should be liable to him for its negligence under the FTCA.

Following the issuance of a Report and Recommendation and an Order by District Judge Sean J. McLaughlin, several claims and parties were dismissed from this action.  Documents ## 29 and 35.  The only remaining claims are the FTCA claim and a Fifth Amendment due process claim.

Defendants filed a motion to dismiss or alternatively for summary judgment.  Document # 31.  Plaintiff has not filed an opposition despite being given the opportunity to do so.

The issues are ripe for disposition by this Court.

### B.     Standards of Review

#### 1.     *Pro se* pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520-521(1972).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements.  Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir.

2

1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

    **2.**    **Motion to dismiss pursuant to Rule 12(b)(1)**

When a motion to dismiss is made under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction which attacks the complaint as deficient on its face, the Court must take all allegations in the complaint as true. Mortensen v. First Federal Sav. and Loan Ass'n, 549 F.2d 884, 891(3d Cir. 1977).  However, when the motion attacks the existence of subject matter jurisdiction in fact, no presumptive truthfulness attaches to plaintiff's allegations and the Court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in fact. Id. at 891.  See also Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3rd Cir. 2000);  Poling v. K. Hovnanian Enterprises, 99 F.Supp.2d 502, 515 (D.N.J. 2000).

    **3.**    **Motion to dismiss pursuant to Rule 12(b)(6)**

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).   The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974).   As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007),

3

a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

### 4. Motion for summary judgment pursuant to Rule 56

Plaintiff and Defendants have attached several exhibits to their respective pleadings. Therefore, this Court will convert the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir.1998). ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment."); Greer v. Smith, 2003 WL 1090708, *1 (3d Cir. (Pa.) March 10, 2003) ("the District Court considered material outside of the pleadings and, therefore, should have converted the motion for dismissal to a summary judgment motion, allowing the plaintiff an opportunity for appropriate discovery and a reasonable opportunity to present all material made pertinent to the motion.").

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Company v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers

to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Company of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### C. The *Bivens* Claim

In his complaint, Plaintiff alleges that prison staff "deprived him of his personal property in violation of the Fifth Amendment right to the U.S. Constitution. This deprivation of personal property was done without due process of law and thereby violated Plaintiff's right to be secure in his person and property." Document # 5, pages 9-10, Count Four.

The analysis of a due process claim stemming from the deprivation of a property interest focuses on the existence of a post-deprivation remedy.[1] An unauthorized, intentional deprivation of property by government employees does not violate the Due Process Clause so long as there is a "meaningful post-deprivation remedy" available to the plaintiff. Hudson v. Palmer, 468 U.S. 517, 533 (1984). See also Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 421 (3d Cir. 2000) ("[W]here it is impractical to provide meaningful pre-

---

[1] Presumably, Plaintiff claims that prison staff purposefully seized his property. Negligent destruction of property, on the other hand, does not base a federal lawsuit. Property rights do not convert otherwise unremarkable negligence claims into federal lawsuits. Daniels v. Williams, 474 U.S. 327, 332 (1986).

6

deprivation process, due process will be satisfied by a meaningful post-deprivation remedy."). In Hudson, the Supreme Court reasoned that an intentional deprivation cannot be controlled in advance so as to adequately provide any pre-deprivation process. Id. See also Parratt v. Taylor, 451 U.S. 527 (1981)(held that a negligent deprivation of property by state officials does not violate the Fourteenth Amendment if an adequate post-deprivation state remedy exists), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Thus, Plaintiff has no claim under the Constitution if an adequate post-deprivation remedy was available to him.

The prison grievance system has been deemed an adequate post-deprivation remedy. Tillman, 221 F.3d at 421. This Court takes judicial notice of the fact that the Bureau of Prisons has a grievance system in place. Plaintiff took advantage of both the prison grievance procedure and the federal tort claims process in an effort to further his claim. Therefore, because Plaintiff had adequate post-deprivation remedies available to him to contest the loss of his personal property, his due process claim fails.

Accordingly, the motion to dismiss should be granted in this regard.

### D. The FTCA Claim
#### 1) The Federal Tort Claims Act

Defendants have provided evidence that Plaintiff's personal property was seized as part of an investigation into a conspiracy to distribute heroin inside the prison. Document # 32-3, Declaration of SIS Lt. Joseph Miraglia, page 2. Plaintiff was ultimately convicted of possession of contraband in relation to the investigation. Id.

Generally, under the principle of sovereign immunity, the United States cannot be sued for damages unless it consents to being sued. United States v. Mitchell, 445 U.S. 535, 538 (1980). The terms of the government's consent define the court's jurisdiction over the case. Lehman v. Nakshian, 453 U.S. 156, 160 (1981). The consent contained in the FTCA is limited

7

and Congress has expressly provided for exceptions to the FTCA's waiver of sovereign immunity. 28 U.S.C. § 2680(a)-(n); United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 808 (1984). These exceptions are to be construed in favor of the sovereign. United States v. Nordic Village, Inc., 503 U.S. 30, 32-36 (1992). The burden of establishing subject matter jurisdiction lies with the plaintiff. Robinson v. U.S., 849 F.Supp. 799, 801 (S.D.Ga.1994).

The Federal Tort Claims Act grants jurisdiction to the federal courts to hear suits against the United States Government for torts committed by its employees while in the scope of their employment. See 28 U.S.C. § 2675(a). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied." Lane v. Pena, 518 U.S. 187, 192 (1996). The FTCA sets forth the government's consent to be sued for the negligent conduct of its employees "in the same manner and to the same extent as a private individual under like circumstances." Howell v. United States, 932 F.2d 915, 917 (11th Cir.1991) (citations omitted).

### 2. The "Detention of Goods" Exception to the FTCA

While the FTCA generally grants jurisdiction to the tort plaintiff, there are some notable exceptions to the Act that put certain actions by government employees beyond the jurisdiction of the federal courts. One such exception that the government raises here is the so-called "detention of goods" exception. Defendants argue that Plaintiff's property loss claims are not cognizable under the FTCA because they fall within this exception to the Act's waiver of sovereign immunity.

This exception is set forth at 28 U.S.C. § 2680(c) and provides that the government's waiver of immunity under the FTCA "shall not apply to ... *[a]ny claim arising in respect of* the assessment or collection of any tax or customs duty, or *the detention of any goods, merchandise, or other property by* any officer of customs or excise or *any other law enforcement officer*...."

(emphasis added).

The confiscation of Plaintiff's personal property upon investigation was a "detention of goods" within the meaning of 28 U.S.C. § 2680(c). See Kosak v. U.S., 465 U.S. 848, 854 (1984) (broadly interpreting the meaning of "arising in respect of ... the detention of goods" to apply to storage and negligent handling of property); Gibson v. Sadowski, 2006 WL 3308442 (W.D.Pa. October 17, 2006) (confiscation, bagging and inventorying of inmate's personal property upon placement in SHU was a "detention of goods" within the meaning of 28 U.S.C. § 2680(c)); Smith v. U.S., 2006 WL 231663 at *2 (D.N.J. Jan. 30, 2006) (removal and storage of inmate's personal property after inmate was placed in SHU was a "detention of goods" under 28 U.S.C. § 2680(c)). And, the SIS Lt. Miraglia, is a law enforcement officer. See Ali v. Federal Bureau of Prisons, 2008 WL 169359, at *7 (January 22, 2008) ("Section 2680(c) forecloses lawsuits against the United States for the unlawful detention of property by 'any,' not just 'some,' law enforcement officers.").

Accordingly, this Court lacks subject matter jurisdiction over the FTCA claim and the motion to dismiss should be granted.

### III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss or in the alternative for summary judgment [Document # 31] be granted. The Clerk of Courts should be directed to close this case.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a

waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: July 9, 2008