# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MOHAMMED T. ANWO, | ) | |
| --- | --- | --- |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-269 Erie |
| MARVIN D. MORRISON, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

McLAUGHLIN, SEAN J., J.

Presently before the Court is the Defendants' Motion to Dismiss or in the Alternative, Motion for Summary Judgment, the Report and Recommendation of United States Magistrate Judge Susan Paradise Baxter, Plaintiff's Objections to the Report and Recommendation, Defendants' Response to the Objections and Plaintiff's letter Reply to the Response. For the reasons set forth below, Plaintiff's objections are overruled, the Magistrate Judge's Report and Recommendation is adopted and the Defendants' Motion to Dismiss or in the Alternative, Motion for Summary Judgment is granted.

## I. PROCEDURAL HISTORY

On November 17, 2006, Plaintiff, Mohammed T. Anwo, filed a *pro se* action against various Defendants raising civil rights claims pursuant to <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971), as well as negligence claims under the Federal Tort Claims Act ("FTCA"). In his original Complaint, Plaintiff alleged that Defendants lost his personal property and legal materials when he was transferred between facilities and that the loss of these legal materials resulted in the denial of his access to courts. <u>See</u> Complaint [Doc. No. 5]. Plaintiff claimed that as a result, he had been deprived of his First Amendment access to the courts rights and his Fifth Amendment due process rights. Plaintiff also sought to hold the United States liable for its alleged negligence under the FTCA.

The case was referred to United States Magistrate Judge Susan Paradise Baxter

for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

On December 21, 2007, Defendants sought dismissal or alternatively, summary judgment [Doc. No. 31] on Plaintiff's Fifth Amendment due process claim and his FTCA claim on the grounds that both claims failed as a matter of law.[1] The Magistrate Judge's Report and Recommendation [Doc. No. 45], filed on July 9, 2008, recommended that the Defendants' motion be granted. The Magistrate Judge concluded that: (1) Plaintiff's due process claim failed because he had adequate post-deprivation remedies available to him to contest the loss of his personal property; and (2) the Court lacked subject matter jurisdiction over Plaintiff's FTCA claim pursuant to the "detention of goods" exception, 28 U.S.C. § 2680(c).[2] See Report and Recommendation pp. 6-9.

The parties were subsequently allowed ten (10) days from the date of service to file objections. Plaintiff was granted two extensions of time in which to file objections [Doc. Nos. 46 and 47] but no objections were filed.

The undersigned reviewed the case *de novo* and, on September 19, 2008, issued a final order adopting the Report and Recommendation, at least partly on the basis that no objections were filed. See Memorandum Order [Doc. No. 48].

Following the closing of this case, Plaintiff filed untimely objections to the Report

---

[1]Following the issuance of a previous Report and Recommendation and an Order by the undersigned, several claims and parties were dismissed from this action. See Report and Recommendation [Doc. No. 29] and Memorandum Order [doc. No. 35]. The only remaining claims are the Fifth Amendment due process claim and the FTCA claim.

[2]This section provides that the government's waiver of immunity under the FTCA "shall not apply to ... [a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer. ..." See 28 U.S.C. § 2680(c). The Supreme Court has broadly interpreted the meaning of "arising in respect of ... the detention of goods" to apply to storage and negligent handling of property. See Kosak v. United States, 465 U.S. 848, 854 (1984).

2

and Recommendation on September 24, 2008 [Doc. No. 49]. In the interests of fairness, the undersigned reopened this matter by Order dated October 6, 2008 in order to review the objections [Doc. No. 50]. We further ordered the Defendants to file a response to Plaintiff's objections, which was filed on October 24, 2008 [Doc. No. 52]. Plaintiff subsequently filed a letter on November 10, 2008 [Doc. No. 53] which we construe as a reply to the Defendants' response. This matter is now ripe for our review and determination.

## II. STANDARD OF REVIEW

When a party makes a timely and specific objection to a portion of a report and recommendation by a United States Magistrate Judge, the district court is obliged to engage in *de novo* review of the issues raised on objection. 28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3rd Cir. 1989). In so doing, the court may "accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636)(b)(1). The court may also, in the exercise of sound judicial discretion, rely on the Magistrate Judge's proposed findings and recommendations. See United States v. Raddatz, 447 U.S. 667, 676 (1980).

## III. DISCUSSION

We have carefully reviewed the record *de novo*, as well as the Plaintiff's objections to the Magistrate Judge's Report and Recommendation, and agree with the Magistrate Judge's conclusions relative to the merits as set forth above. We write separately however, since we find some clarification is necessary relative to Plaintiff's objections with respect to the FTCA claim.

To the extent Plaintiff seeks redress for the alleged negligent destruction of his property, this claim is barred. See United States v. Bein, 214 F.3d 408,415 (3rd Cir. 2000) (noting that "courts have interpreted section 2680(c) to bar claims premised upon essentially any injury to property sustained during its detention" and stating in dicta that if a party were to proceed under the FTCA on a negligence theory "then his or her claim for money damages might be barred because the lost or damaged property was

3

detained by law-enforcement officials"); cert. denied, 534 U.S. 943 (2001); Gibson v. Sadowski, 2006 WL 3308442 at *1 (W.D.Pa. 2006) (holding that the United States was immune from suit under § 2680(c) because the officers who allegedly either lost or destroyed plaintiff's personal property were law enforcement officers acting in an official capacity at the time they detained, and subsequently lost or destroyed, plaintiff's property).

To the extent Plaintiff's claim is premised on an alleged "intentional" destruction of his property, such claim is outside the scope of the FTCA.[3] See 28 U.S.C. § 2680(h) (the waiver of immunity for intentional torts is limited to assault, battery, false imprisonment, false arrest, abuse of process or malicious prosecution); Lane v. Pena, 518 U.S. 187, 192 (1996) ("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text ... and will not be implied[.]").

AND NOW, this 14th day of November, 2008;

IT IS HEREBY ORDERED that Plaintiff's Objections [Doc. No. 49] to the Magistrate Judge's Report and Recommendation are OVERRULED;

IT IS HEREBY FURTHER ORDERED that Defendants' motion to dismiss or in the alternative for summary judgment [Doc. No. 31] is GRANTED.

The Report and Recommendation [Doc. No. 45] of Magistrate Judge Baxter, filed on July 9, 2008, is adopted as the opinion of the Court.

The clerk is directed to close the case.

---

[3] Plaintiff raised the issue of the *intentional* destruction of his property for the first time in his objections to the Magistrate Judge's Report and Recommendation. See Objections pp. 3-5 [Doc. No. 49]. His previous allegations, as set forth in his Complaint, focused solely on the alleged *negligent* destruction of his property. See Complaint [Doc. No. 5].

4

s/ Sean J. McLaughlin
United States District Judge

cm: All parties of record
Susan Paradise Baxter, U.S. Magistrate Judge